ACCEPTED
05-19-00190-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/20/2019 8:40 AM
LISA MATZ
CLERK

IN THE COURT OF APPEALS FOR THE
FIFTH APPELLATE DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF | * | FILED IN<br>5th COURT OF APPEALS<br>DALLAS, TEXAS |
| | * | |
| Z.J. | * | NO. 05-19-00190-CV<br>6/20/2019 8:40:29 AM |
| | * | LISA MATZ<br>Clerk |
| | * | |
| JUVENILE | * | |

APPEALED FROM CAUSE NUMBER JD-18-00958-X IN THE 305TH DISTRICT COURT OF DALLAS COUNTY, TEXAS; THE HONORABLE CHERYL LEE-SHANNON, JUDGE PRESIDING.

_____

BRIEF OF APPELLANT

_____

ORAL ARGUMENT NOT REQUESTED

FRANK ADLER
ATTORNEY AT LAW
SBN: 24056787
2701 Avenue J, Suite 100
PHONE: (682) 702-0506
E-MAIL: frankadlerlaw@gmail.com

## IDENTITY OF TRIAL COUNSEL AND APPELLATE COUNSEL

Honorable Stephanie L. Harmon
Assistant District Attorney
2600 Lone Star Drive
Dallas, Texas 75212
Trial Counsel for Petitioner

Melissa H. Read
Assistant Public Defender
SBN: 00787497
2600 Lone Star Drive, LB-2
Dallas, Texas 75212
Phone: (214) 698-4400
Trial Counsel for Respondent Juvenile

Honorable Faith Johnson
Dallas County District Attorney
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB19
Dallas, Texas 75207
Appellate Counsel for Petitioner

Frank Adler
Attorney at Law
SBN:  24056787
2701 Avenue J, Suite 100
PHONE: (682) 702-0506
E-MAIL: frankadlerlaw@gmail.com
Appellate Counsel for Respondent Juvenile

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................. ii

STATEMENT OF THE CASE............................................................................................ 1

STATEMENT OF FACTS...............................................................................................1-3

ARGUMENT AND AUTHORITIES ...............................................................................3-5

RELEVANT STATUTE ...................................................................................................5-8

ARGUMENT...................................................................................................................8-9

CONCLUSION ................................................................................................................. 9

PRAYER .......................................................................................................................... 9

CERTIFICATE OF SERVICE .......................................................................................9-10

CERTIFICATE OF COMPLIANCE ................................................................................. 10

WAIVER OF JURISDICTION AND ORDER OF TRANSFER TO A CRIMINAL DISTRICT COURT ........................................................................................................... APPENDIX A

# TABLE OF AUTHORITIES

*Moon v. The State of Texas,*
      No. PD-1215-13, December, 2014……………………………………......…..4,8

*Hidalgo v. State,*
      983 S.W.2d 746 (Tex. Crim. App. 1999)………………………………………..5

## STATUTES

Texas Penal Code Section 54.02……………………………………………….…4,5

**STATEMENT OF THE CASE**

NATURE OF THE APPEAL…………………………………CERTIFICATION--JUVENILE

TRIER OF FACT…..………………….…..…….HONORABLE CHERYL LEE SHANNON

DISTRICT JUDGE………………………………HONORABLE CHERYL LEE SHANNON

THE DISTRICT COURT'S ORDER…………..….…TRANSFER TO CRIMINAL COURT

**STATEMENT OF FACTS**

This appeal concerns the court's decision to transfer Appellant Z.J. to Dallas County Criminal District Court. (Clerk's Record "CR" at 100-103). On January 31, 2019, the trial court held the discretionary transfer hearing and at the conclusion of the hearing, the trial court waived its jurisdiction and transferred Z.J. to the appropriate Criminal District Court of Dallas County, Texas for criminal proceedings. *Id.*

On August 1, 2018, Chief Juvenile ADA Stephanie Harmon filed a Petition seeking to transfer Z.J. to the adult criminal district court alleging that Z.J. violated a penal law of the State of Texas of the grade of felony, namely, Aggravated Robbery [4 counts]. (CR at 12-13).

**DALLAS DETECTIVE ADAM THAYER RELEVENT TESTIMONY**

Detective Thayer testified he was the detective regarding the investigation of a series of robberies involving several youths. (Reporter's Record "RR" Volume "Vol" 2 at 10). Detective Thayer further testified that during the course of his investigation, he arrived at the following conclusions:

1) That Z.J. was one of the juvenile suspects regarding the robberies that occurred on July 22, 2018. (RR Vol 2 at 10).

1) Regarding count 2, the victim was standing outside of his residence talking on the phone when he described what was a black Chevy Impala

1

pulled up to him. He described six black male suspects jumped out of the car and punched him in the face…And then he described a black male 15 to 17 year old, 5'10", 140 pounds, which matched the description of Z.J., and the complainant stated that suspect Z.J. kept saying, "come on man, give me your wallet". And he was holding a black semiautomatic pistol and then struck the complainant over the head with the pistol two or three times. (RR Vol 2 at 12-13).

2) That the victim in Count 2 identified Z.J. as the individual with the pistol. (RR Vol 2 at 14).

3) Regarding Count 3 and Count 4, the victims were out walking their dog and this was captured on surveillance video. When the suspects arrived in the stolen suspect vehicle, they parked in a parking spot and five juvenile suspects got out of the vehicle, in which three of them robbed the complainants at gunpoint. One of them had shotgun, one of them had a pistol, and one of them was up there with the other two. They kicked and pushed the complainants to the ground and threatened them with the guns and stole one the complainant's cell phone. (RR Vol 2 at 18).

4) That In the video, you can see suspect D.T. with a shotgun and suspect Z.J. with a pistol. (RR Vol 2 at 20).

5) That in the video, you can clearly see the weapons being exhibited or used. (RR Vol 2 at 20).

6) That in the plea hearing for another suspect, the other suspect described Z.J. to be the leader and to be in possession of the pistol during the entire crime spree. (RR Vol 2 at 26).

## DALLAS COUNTY JUVENILE PROBATION DEPARTMENT ASSISTANT CHIEF PSYCHOLOGIST DR. LEILANI HINTON RELEVANT TESTIMONY

Dr. Hinton testified she was not surprised to hear that Z.J. was in the leader in the offense because he did not show any empathy or sympathy for the victims during her interview with him. (RR Vol 2 at 38).

## DALLAS COUNTY JUVENILE PROBATION OFFICERE KEDRICK SMITH RELEVANT TESTIMONY

Officer Smith testified Z.J. had quite a number of juvenile offenses prior to the current offenses he was alleged to have committed. (RR Vol 2 at 44). Officer Smith further added that Z.J. had a criminal trespass; theft of property; possession of marijuana; unauthorized use of a motor vehicle; robbery and aggravated sexual assault. (RR Vol 2 at 44). Officer Smith continued that Z.J. had been placed outside of the home in a residential treatment facility and also been on formal probation. (RR Vol 2 at 47).

Lastly, Officer Smith testified that the prospects of adequate protection of the public and the likelihood of rehabilitation of Z.J. by the use and services and facilities that is available to the court is remote and the probation department just did not have anything that is available to him. (RR Vol 2 at 52).

## ARGUMENT AND AUTHORITIES

The appellate courts should conduct appellate review of the juvenile court's discretionary decision to waive jurisdiction in essentially the same way that the El Paso

Court of Appeals has said that the juvenile court's discretion in determining juvenile dispositions should be scrutinized on appeal, to wit:

We apply a two-pronged analysis to determine an abuse of discretion: (1) did the [juvenile] court have sufficient information upon which to exercise its discretion; and (2) did the [juvenile] court err in its application of discretion? A traditional sufficiency of the evidence review helps answer the first question, and we look to whether the [juvenile] court acted without reference to any guiding rules or principles to answer the second. *Moon v. The State of Texas*, No. PD-1215-13, December, 2014.

Similarly, we hold that, in evaluating a juvenile court's decision to waive its jurisdiction, an appellate court should first review the juvenile court's specific findings of fact regarding the Section 54.02(f) factors under "traditional sufficiency of the evidence review." But it should then review the juvenile court's ultimate waiver decision under an abuse of discretion standard. That is to say, in deciding whether the juvenile court erred to conclude that the seriousness of the offense alleged and/or the background of the juvenile called for criminal proceedings for the welfare of the community, the appellate court should simply ask, in light of its own analysis of the sufficiency of the evidence to support the Section 54.02(f) factors and any other relevant evidence, whether the juvenile court acted without reference to guiding rules or principles. *Id.*

In other words, was its transfer decision essentially arbitrary, given the evidence upon which it was based, or did it represent a reasonably principled application of the legislative criteria? And, of course, reviewing courts should bear in mind that not every Section 54.02(f) factor must weigh in favor of transfer to justify the juvenile court's discretionary decision to waive its jurisdiction. *Id.*

In *Hidalgo v. State*, 983 S.W.2d 746 (Tex. Crim. App. 1999), this court recognized that "transfer to criminal district court for adult prosecution is 'the single most serious act the juvenile court can perform . . .because once waiver of jurisdiction occurs, the child loses all protective and rehabilitative possibilities available.'" *Id*. at 755.

## RELEVANT STATUTE

Texas Penal Code Section 54.02 states: WAIVER OF JURISDICTION AND DISCRETIONARY TRANSFER TO CRIMINAL COURT

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if: (1) the child is alleged to have violated a penal law of the grade of felony; (2) the child was: (A) 14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing has been conducted concerning that offense; or (B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

(3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

5

(c) The juvenile court shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings.

(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

(e) At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least five days prior to the transfer hearing, the court shall provide the attorney for the child and the prosecuting attorney with access to all written matter to be considered by the court in making the transfer decision.

The court may order counsel not to reveal items to the child or the child's parent, guardian, or guardian ad litem if such disclosure would materially harm the treatment and rehabilitation of the child or would substantially decrease the likelihood of receiving information from the same or similar sources in the future.

(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

    (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

    (2) the sophistication and maturity of the child;

    (3) the record and previous history of the child; and

    (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

(g)  If the petition alleges multiple offenses that constitute more than one criminal transaction, the juvenile court shall either retain or transfer all offenses relating to a single transaction.   Except as provided by Subsection (g-1), a child is not subject to criminal prosecution at any time for any offense arising out of a criminal transaction for which the juvenile court retains jurisdiction.

(g-1)  A child may be subject to criminal prosecution for an offense committed under Chapter 19 or Section 49.08, Penal Code, if: (1)  the offense arises out of a criminal transaction for which the juvenile court retained jurisdiction over other offenses relating to the criminal transaction; and (2) on or before the date the juvenile court retained jurisdiction, one or more of the elements of the offense under Chapter 19 or Section 49.08, Penal Code, had not occurred.

(h)  If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and shall transfer the person to the appropriate court for criminal proceedings and cause the results of the diagnostic study of the person ordered under Subsection (d), including psychological information, to be transferred to the appropriate criminal prosecutor.

On transfer of the person for criminal proceedings, the person shall be dealt with as an adult and in accordance with the Code of Criminal Procedure, except that if detention in a certified juvenile detention facility is authorized under Section 152.0015, Human Resources Code, the juvenile court may order the person to be detained in the facility pending trial or until the criminal court enters an order under Article 4.19, Code of Criminal Procedure.   A transfer of custody made under this subsection is an arrest. (h-1)

7

If the juvenile court orders a person detained in a certified juvenile detention facility under Subsection (h), the juvenile court shall set or deny bond for the person as required by the Code of Criminal Procedure and other law applicable to the pretrial detention of adults accused of criminal offenses. (i) A waiver under this section is a waiver of jurisdiction over the child and the criminal court may not remand the child to the jurisdiction of the juvenile court.

**ARGUMENT**

1) **The trial abused its discretion because it acted without reference to any guiding rules or principles.**

The trial court abused its discretion by waiving its original jurisdiction over Z.J. and transferring the case to the adult criminal district court.

Here, Z.J. concedes that the trial court made the proper findings in the order as required in the *Moon* holding and the Texas Family Code. Furthermore, Z.J. does not dispute the State met its burden of proof that probable cause existed to issue an arrest affidavit for Z.J. The Texas Family Code then mandates that the trial court balance the probable cause findings with the other factors listed in the Family Code to determine whether the trial court should waive its original jurisdiction.

There was not any testimony about the services available to Z.J. regarding a commitment to the Texas Juvenile Justice Department (TJJD). Absent any testimony regarding the juvenile prison and the services available to the court, it was not possible for the court to conclude no services were available for Z.J.

Accordingly, the trial court's decision to transfer Z.J. to the adult criminal court was essentially arbitrary, given the evidence upon which it was based. The overwhelming

weight of the evidence supported a finding of the juvenile court retaining jurisdiction and denying the State's Petition.

## CONCLUSION

The trial court abused its discretion in waiving its juvenile jurisdiction and transferring Z.J. to the adult criminal court.

## PRAYER

Appellant suffered fundamental legal harm. Therefore, the Appellant prays that the case be reversed or in the alternative that the Appellant receive a new trial.

Respectfully Submitted,

/s/ *Frank Adler*

Frank Adler
Appellant Attorney
SBN: 24056787
2501 Avenue J. Suite 100
Arlington, Texas 76006
Tel: (682) 702-0506
Fax: (888) 605-7225

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing Brief for Appellant has been forwarded the 19 of June 2019, to the following attorneys:

Honorable Faith Johnson
Dallas County District Attorney
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB19
Dallas, Texas 75207
Appellate Counsel for Petitioner


/s/ *Frank Adler*
Frank Adler

## CERTIFICATE OF COMPLIANCE

The word count for the portions of the document covered by TEX. R. APP. P. 9.4(e)(1) is

2,346.


/s/ *Frank Adler*
Frank Adler
Attorney at Law

Appendix A

## NO. <u>JD-18-958-X</u>

IN THE MATTER OF

IN THE 305TH DISTRICT

COURT OF

Z███ J███ AKA Z███ J███

DALLAS COUNTY, TEXAS

## WAIVER OF JURISDICTION AND ORDER OF<br>TRANSFER TO A CRIMINAL DISTRICT COURT

ON THIS THE 31ST DAY OF JANUARY, 2019, personally appeared the Respondent, Z███ J███ AKA Z███ J███s, who was duly and properly served by a suitable person under the direction of the Court; Respondent's attorney, Melissa Read; M███ J███ the father of the Respondent; and Stephanie Harmon, Assistant District Attorney, for a hearing on the State's Motion for Discretionary Transfer to a Criminal Court of Respondent, Z███ J███ AKA Z███ J███ The Court finds the Respondent to be a male child, born on the , and being sixteen (16) years of age at the time of the acts upon which the Motion is founded and alleged to have occurred. The Court finds no adjudication hearing has been conducted concerning such acts. At the present time the Respondent is sixteen (16) years old. The parent of the Respondent is M███ J███

The Court finds that said offenses are felonies under the penal law of the State of Texas. The Court finds that the alleged offenses were against a person and property; and the Court finds that there is probable cause to believe that the Respondent committed each of the offenses alleged in the State's Petition for Discretionary Transfer.

The Court finds the Respondent is of sufficient sophistication and the Respondent's level of maturity is sufficient to be tried as an adult and to aid an attorney in his defense. After considering all the testimony, diagnostic study, social evaluation,

JD-18-00958
JDWAVR
WAIVER
2024748


and full investigation, the Court finds it is contrary to the best interest of the public to retain jurisdiction.

The Court finds for the welfare of the community, the seriousness of the alleged offenses and the background of the Respondent, that criminal proceedings are required.

The reasons for this disposition are that: The Respondent is charged with violating penal laws of the grade of felony; the Respondent was fourteen (14) years old or older at the time he is alleged to have committed the offenses; no adjudication hearing has been conducted concerning these alleged offenses; the Respondent's conduct was willful and violent; a deadly weapon, to wit: <u>a firearm,</u> was used during the course of the offenses; personal injury resulted to the victims, <u>G██ S█████</u> and <u>C███ K█████</u> AKA <u>C████ S████████</u> the offenses were so serious that transfer to a District Court with criminal jurisdiction must be granted; the Respondent has not accepted or responded to supervision; the Respondent has a pattern of refusing to remain at home; the Respondent refuses to remain away from associates in the community who habitually violate the law; the sophistication of the child is sufficient for his age; and his level of maturity is sufficient; the background of the Respondent indicates that the welfare of the community requires criminal prosecution; the previous history of the Respondent indicates a present need for placement of the child in a controlled, structured facility; the public needs protection from the Respondent; the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services and facilities currently available to the Juvenile Court is remote; and it is desirable that all parties to the offenses be tried in one court since the accomplice is an adult.

**The specific factual findings made to support the transfer decision are that**: the probable cause is supported by the video of the S█████ robberies and the property and food taken from victims, M████ H██████ AKA M████ R███ and G███ R███-M██ were recovered at Respondent's arrest; the Respondent had a prior adjudication of aggravated assault; the Respondent personally threatened the victims and is the probable leader in the commission of the offenses; the Respondent personally displayed a firearm in all offenses charged and demanded property; the S█████ victims received minor injuries; Respondent unsuccessfully completed juvenile probation and *exhibited* assaultive conduct while in juvenile placement and in detention; Respondent was on runaway status while on probation; the accomplices have criminal backgrounds; Respondent has previous adjudications for two (2) felony offenses; a deadly weapon was used in prior felony aggravated assault; prior placement by the Juvenile Department in an attempt to rehabilitate; *and executed* at least one accomplice to be tried in adult court; and the offenses were planned in rapid succession and several victims were involved.

THEREFORE, by reasons of the foregoing, I, as the Judge of the 305th Judicial District Court of Dallas County, Texas, a Juvenile Court, hereby waive jurisdiction of this cause and transfer said Respondent, Z███ J███ AKA Z███ J████ to the appropriate Criminal District Court or District Court of Dallas County, Texas, for proper criminal proceedings and do hereby certify said action.

Included herein and made a part of the waiver of jurisdiction, transfer and certification is this written Order, the same being the findings of the Judge of the 305th Judicial District Court of Dallas County, Texas, and said certification, transfer, and waiver is accompanied by complaints against the Respondent accusing him of three (3)

felony offenses, to wit *AGGRAVATED ROBBERY*, occurring on or about the 22nd day of July, 2018, in Dallas County, Texas, said complainant being M██████ H████ AKA M████ R███ *AGGRAVATED ROBBERY*, occurring on or about the 22nd day of July, 2018, in Dallas County, Texas, said complainant being C█████ K████ AKA C█████ S██████; *AGGRAVATED ROBBERY*, occurring on or about the 22nd day of July, 2018, in Dallas County, Texas, said complainant being G████ S█████; and all criminal offenses occurring in said criminal episodes of which said offenses the said Court has jurisdiction. Further, the Respondent has been advised of his right to appeal pursuant to the requirements of the Texas Family Code.

IT IS FURTHER ORDERED AND DECREED by the said 305th Judicial District Court of Dallas County, Texas, that the clerk of said Court transmit forthwith to the proper Criminal District Court or District Court of Dallas County, Texas, this written Order and findings of the said 305th Judicial District Court of Dallas County, Texas, and said complaints attached hereto.

SIGNED ON THIS THE _____ 4 DAY OF FEBRUARY, 2019.

_____
JUDGE, 305TH DISTRICT COURT OF
DALLAS COUNTY, TEXAS